UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Criminal Minute Order

**The Honorable Claudia Wilken, Presiding**
Clerk: Sheilah Cahill
Court Reporter: Diane Skillman
Date: 4/9/08

FILED
APR - 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**Plaintiff:** United States

v.                                                        No.  CR-07-00488 CW

**Defendant:** Bobby Alexander (present - in custody)
Andre Matthews (present - in custody)
Cory Kautzman (present - in custody)
Alicia Johnson (present)
Danielle Reyes (present)
Tyhesia Bacon (present)
Kenyata Williams (present)
Levi Enriquez (present)
Kelvin Arnold (not present - fugitive)
Ashaki Green (present)

**Appearances for Plaintiff:**
Keslie Stewart

**Appearances for Defendant:**
Lori Flowers spec. app. for Garrick Lew for Bobby Alexander
John Hemann for Andre Matthews
John Paul Reichmuth spec. app. for Gail Shifman for Cory Kautzman
John Paul Reichmuth for Alicia Johnson
Mark Goldrosen for Danielle Reyes
Diana Weiss spec. app. for Richard Tamor for Tyhesia Bacon
Seth Chazin for Kenyata Williams
Laura Robinson for Levi Enriquez
Felicia Gross for Kelvin Arnold
Diana Weiss for Ashaki Green

**Speedy Trial Date:**

Hearing:  Disposition or Trial Setting

Notes:

**Bobby Alexander:** Counsel still negotiating plea agreement.  **Case continued to 4/23/08 at 2:00 p.m. for disposition or trial setting.**  Time excluded for effective preparation and continuity of counsel.

**Andre Matthews:** Counsel reviewing plea agreement.  **Case continued to 4/23/08 at 2:00 p.m. for disposition or trial setting.**  Time excluded for effective preparation.

**Cory Kautzman:** Counsel still negotiating plea agreement. **Case continued to 4/23/08 at 2:00 p.m. for disposition or trial setting.** Time excluded for effective preparation and continuity of counsel.

**Alicia Johnson:** Counsel needs more time to go over plea agreement and discovery. **Case continued to 4/23/08 at 2:00 p.m. for disposition or trial setting.** Time excluded for effective preparation.

**Danielle Reyes:** Defendant enters under oath Rule 11(c)(1)(C) plea of guilty to the indictment charging conspiracy to unlawfully transfer and use a means of identification of another in violation of 18 USC 1028(f). Plea Agreement filed. Court finds factual basis for plea; Court accepts plea. PSR requested. **Sentencing set for 7/23/08 at 2:00 p.m.**

**Tyhesia Bacon:** Counsel reviewing plea agreement. **Case continued to 4/23/08 at 2:00 p.m. for disposition or trial setting.** Time excluded for effective preparation and continuity of counsel.

**Kenyata Williams:** Defendant enters under oath Rule 11(c)(1)(C) plea of guilty to the indictment charging conspiracy to unlawfully transfer and use a means of identification of another in violation of 18 USC 1028(f). Plea Agreement filed. Court finds factual basis for plea; Court accepts plea. PSR requested. **Sentencing set for 7/23/08 at 2:00 p.m.**

**Levi Enriquez:** Defendant arraigned on superseding information; reading waived. Defendant enters under oath Rule 11(c)(1)(C) plea of guilty to the superseding information charging knowingly possessing a stolen identification document or authentication feature of the United States, knowing that such document or feature was stolen, in violation of 18 USC 1028(a)(6). Plea Agreement filed. Court finds factual basis for plea; Court accepts plea. Defendant waives his right to a PSR and requests immediate sentencing. Court finds Offense Level 6; parties stipulate to Criminal History II, leading to a Guideline Range of 1-7 months. Based on plea agreement and § 3553 factors, the Court places the defendant on one year probation under the usual terms and conditions and the special conditions the defendant pay the special assessment. The defendant shall make a good faith effort to pay any fine, forfeiture or restitution the he is ordered to pay. The defendant shall provide to the probation officer accurate and complete financial information, submit sworn statements and given depositions under oath concerning his assets and his ability to pay, surrender assets he obtained as a result of his crimes, and release funds and property under his control in order to pay any fine, forfeiture or restitution. No fine imposed due to lack of ability to pay a fine. Defendant to pay $25 special assessment due immediately. Defendant to pay

restitution not less that $3,000 to be determined within 90 days. **Case continued to 6/11/08 at 2:30 p.m. for determination of restitution amount.** Counsel to submit briefs contesting restitution issue in accordance with Local Rule briefing schedule unless they can resolve it through stipulation. Underlying indictment dismissed. See J&C for details.

**Ashaki Green:** Defendant arraigned on superseding information; reading waived. Defendant enters under oath Rule 11(c)(1)(C) plea of guilty to the superseding information charging knowingly possessing a stolen identification document or authentication feature of the United States, knowing that such document or feature was stolen, in violation of 18 USC 1028(a)(6). Plea Agreement filed. Court finds factual basis for plea; Court accepts plea. Defendant waives her right to a PSR and requests immediate sentencing. Court finds Offense Level 6; Criminal History I, leading to a Guideline Range of 0-6 months. Based on plea agreement, the Court places the defendant on one year probation under the usual terms and conditions and the special conditions the defendant pay the special assessment and participate in substance abuse counseling at the direction of the probation officer. The defendant shall make a good faith effort to pay any fine, forfeiture or restitution the she is ordered to pay. The defendant shall provide to the probation officer accurate and complete financial information, submit sworn statements and given depositions under oath concerning her assets and her ability to pay, surrender assets she obtained as a result of her crimes, and release funds and property under her control in order to pay any fine, forfeiture or restitution. No fine imposed due to lack of ability to pay a fine. Defendant to pay $25 special assessment due immediately; restitution to be determined within 90 days. **Case continued to 6/11/08 at 2:30 p.m. for determination of restitution amount.** Counsel to submit briefs contesting restitution issue in accordance with Local Rule briefing schedule unless they can resolve it through stipulation. Underlying indictment dismissed. See J&C for details.

Copies to: Chambers; probation